IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE D. MCCOY,<br><br>       Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of the Social Security Administration,<br><br>       Defendant.<br>_____/ | No. C 04-04607 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

   Plaintiff's counsel moves for attorney's fees pursuant to the Equal Access to Justice Act (EAJA).  Defendant Jo Anne Barnhart, in her capacity as Commissioner of the Social Security Administration, opposes this motion, arguing that the amount of fees requested is unreasonable and excessive.  The matter was submitted on the papers.  Having considered all of the papers filed by the parties, the Court grants in part the motion for attorney's fees.

BACKGROUND

   Plaintiff Janice McCoy brought this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's final decision

that she was not disabled.  On October 27, 2005, the Court issued an order granting Plaintiff's motion for remand and denying Defendant's motion for summary judgment; the Clerk entered judgment.

Plaintiff's counsel now requests $6,307.40 in attorney's fees. In his opening brief, Plaintiff's counsel requested $4,995.74 in attorney's fees for the 32.1 hours he expended on this case.[1] He noted that, because of his eighteen years of experience with Social Security cases, he spent less time than the average attorney would have needed to spend.  In his reply, he amended the original request to include the 8.4 hours he spent preparing the reply. Plaintiff's counsel has now expended 40.5 hours on this case, including the fee litigation.  He contends that his request and the number of hours he spent on this case are reasonable under the EAJA.  Defendant argues that they are not.

DISCUSSION

The EAJA provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  A party claiming fees has the burden of

---

[1] The Court notes that, although Plaintiff's counsel states that he spent 32.1 hours and requests attorney's fees for 32.1 hours, the attached document indicates that he spent 32.7 hours on this case.

2

documenting the reasonable hours expended and should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-37 (1983). The party must exercise "billing judgment" with respect to hours included in this fee calculation. <u>Id</u>. at 437.

Defendant does not dispute that Plaintiff is a prevailing party; nor does Defendant argue that the government's position in this case was substantially justified. Only the reasonableness of the time Plaintiff's counsel spent on this case is disputed. Defendant argues that the number of attorney hours counsel claims to have expended is unreasonable and the hours should be reduced.

1.  Plaintiff's Complaint

Plaintiff's counsel claims to have spent one hour preparing the complaint: his entry states "write compl, etc." Defendant contends this amount is excessive and unreasonable because the complaint filed was a form complaint. Defendant argues that, based on counsel's eighteen years of experience, this time should be reduced to 0.3 hours.

Counsel acknowledges that it was a form complaint. He notes, however, that the one hour also included opening the paper file and data documentation, re-checking deadlines, writing specifics into the complaint, formatting, editing, proofreading, printing, signing, completing a civil cover sheet and making sure that the package was ready to go to court. He states that he has never completed the complaint and other initiating documents in eighteen minutes or less. Nonetheless, counsel states that he wishes not to take the Court's time on this very minor matter and would concede

3

1 the issue and would not object if the Court reduced the amount by
2 0.7 hours, as Defendant contends is reasonable.
3   Regardless of counsel's willingness to concede, the Court
4 finds that one hour is a reasonable amount of time to prepare and
5 file the complaint and other initiating documents.
6   2.  Legal Briefs
7   Plaintiff's counsel claims to have spent approximately 20
8 hours preparing legal briefs and arguments: 13.1 hours on the
9 opening brief; 6.3 hours on the reply brief; and 0.7 hours on
10 drafting proposed orders, e-filing and e-mailing documents.
11 Defendant contends that, because the issues in this case were
12 routine and non-complex, the amount of hours should be reduced to
13 ten hours.  But as one court has noted, "Social security cases are
14 fact-intensive and require a careful application of the law to the
15 testimony and documentary evidence, which must be reviewed and
16 discussed in considerable detail." Patterson v. Apfel, 99 F. Supp.
17 1212, 1213 (C.D. Cal. 2000).  Here, Plaintiff's counsel was not
18 counsel at the administrative hearing below.  And thus, even though
19 the issues presented in this case were not complex, counsel needed
20 to spend time learning the facts of this case.
21   Defendant cites Nugent v. Massanari, 2002 WL 356656 (N.D. Cal.
22 Feb. 28, 2002), in support of her argument that courts have reduced
23 EAJA fees in Social Security cases handled by experienced counsel
24 that involved legal issues that were neither unique or complex.  In
25 Nugent, the court found that spending 28.8 hours researching and
26 writing the legal brief was excessive given the attorney's twenty-
27 one years of specialized expertise and familiarity with similar
28
4

social security disability cases.  But the court did not reduce the hours to eight hours, as requested by the defendant.  Instead, the court determined that twenty hours was a reasonable time for the work involved.

This Court also finds that twenty hours of time is reasonable for the work involved and will not reduce the amount as Defendant requests.

3.   Communications with Previous Counsel

According to Defendant, Plaintiff's counsel claims to have spent 1.9 hours communicating with Plaintiff's previous attorney. Defendant argues that this time was excessive, redundant or otherwise unnecessary and not compensable under the EAJA.

Counsel argues that this time was necessary because the previous attorney represented (and represents) Plaintiff in the administrative proceedings.  Counsel contends he needed to consult with his predecessor about the contents of the hearing testimony, developing evidence, the status of the case and the results of the litigation.  Further, Defendant's calculation of 1.9 hours, counsel notes, is misleading.  For example, on October 13, 2004, counsel did not spend 1.1 hours communicating with Plaintiff's previous attorney.  Instead, the entry reads, "cont eval, telt prev atty, telt cx."  The October 28, 2005 entry for 0.4 hours reads "rec, evaluate ct decision, tt prev atty, etc."  Although counsel argues that this time is reasonable, he again states that if the Court rules in Defendant's favor "in order to save attending to such an inconsequential issue," he would not object.

The Court finds that the time spent communicating with

5

Plaintiff's previous attorney, who is still her attorney for administrative proceedings, was reasonable.

4. Fees for Securing Attorney's Fees

Plaintiff's counsel claims to have spent 2.0 hours preparing an EAJA proposal letter to Defendant regarding attorney's fees and 1.6 hours preparing and filing his motion for attorney's fees. Defendant contends that this is excessive, noting that both the letter and motion contain largely boilerplate language, and that the time should be reduced collectively to 0.5 hours.

Plaintiff's counsel contends that not even the quickest of drafters could have finished the letter and motion in 0.5 hours. He notes that in Patterson, the court found that 3.5 hours spent litigating the EAJA motion was reasonable. 99 F. Supp. 2d at 1215. Nonetheless, counsel again states that if it would please the Court to resolve this issue in Defendant's favor, and save the time necessary for a resolution of this issue, he would not object.

Again, regardless of counsel's willingness to concede, the Court finds that 3.6 hours is collectively a reasonable amount of time even for experienced counsel to write a proposal letter, draft a boilerplate opening brief and draft a reply. Eight hours and twenty-four minutes, however, is not a reasonable amount of time to spend preparing the reply, especially given counsel's willingness to concede three out of four of Defendant's arguments. The Court will not award counsel the additional $1,311.66 that he requests for the time spent preparing the reply. Instead, the Court will

6

award $624.60, which is based on $156.15[2] per hour multiplied by four hours, a reasonable amount of time for counsel to have spent preparing the reply.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for attorney's fees (Docket No. 27). The Court finds that 36.1 hours was a reasonable amount of time to spend on this case. See, e.g., Patterson, 99 F. Supp. 2d at 1214 (noting that a survey of several dozen social security cases in which attorneys' fees were awarded suggested that the 33.75 hours spent by the plaintiff's counsel fell within the approved range); id. at n.2 (listing social security cases and the amount of time spent by the plaintiff's counsel). The 8.4 hours spent on the reply, however, was not reasonable and counsel will be awarded fees for only four hours of that time. Defendant shall pay Plaintiff's counsel $5,620.34 in attorney's fees for the 36.1 hours that counsel expended on this case.

IT IS SO ORDERED.

Dated: 1/10/06

_____
CLAUDIA WILKEN
United States District Judge

---

[2] The hourly rate for work performed in 2004 is $152.18, and the hourly rate for work performed in 2005 is $156.15

7